WBCO Investment Partners V. Windsor Securities, Case Number 21-506 David Dobin, Law Firm of Kona-Wolfe, Bridgeport, Connecticut On behalf of Windsor Securities, MFI, Associates, and PPSP Trust Investment, we are asking the Court to reverse the district court's dismissal of securities fraud claims in Counts 2 and 3 of the Second Amended Counterclaim and the district court's judgment on Count 4 after trial on the claim against Mr. Chapin and Ivanhoe Associates for breach of contract, which is a breach of a guarantee. Ivonhoe Partners, Ivahnhoe Associates, and Jeffrey Chapin We believe that Judge Thompson rendered his verdict against Ivanhoe on the specific language of the guarantee, and he specifically made findings as to the extent of that guarantee We lost this case, and Chapin lost his own money as well What this is all about is the personal liability of the entity, not the liability of the entity I'm guessing that the only reason that that's worth the plaintiff's while here, is that he didn't get full satisfaction from Ivanhoe Correct. 100%. So, we argued that it was a supervising, a supervening cause and that we should be free of our contractual obligations as well as our We argued that it was not even negligent because of what happened Judge Thompson found, for my adversary, on the guarantee specifically being improvidently, in hindsight, unconditional It was a very broad guarantee, but it was only a guarantee of trades and a guarantee of conduct by Ivanhoe So, that was why the court rendered the verdict that it did against the party that it did But, that is a stand-alone. I think the rest of it, I can answer any questions that the court has I don't know that we've got questions. Thank you very much Mr. Russell? Thank you. I learned one thing when I was in your position, which is when there are no questions, don't look for questions I'm turning. I'm just turning. I didn't want to turn too quickly and be disrespectful. Thank you Mr. Stillman? So, because the only issue that was addressed was the guarantee issue, I would like to point out that the purpose of that transaction of that joint venture agreement was for all the principal to never go out of the escrow account as part of that joint venture agreement That's what I asked you before. I thought the whole point of the joint venture was to make investments in distressed properties and flip them and make money And, somehow or other, you're going to have to buy the distressed properties, right? So, if you, in paragraph, I believe it's in paragraph 13 of the second amended counterclaim, the second to last sentence No money will be moved by the escrow agent unless there's a simultaneous within the hour or two with no risk of failure of NRCC's purchase and sale So, the escrow amounts would only go out only if there's, we already have a buyer, we already have a seller, so the money's going to come back in But that's only going to happen when there is a transaction Yes, that would only happen when there's a transaction But there never were any transactions because Mr. Klotz stole all the money before anything else happened That's right. There were no transactions. So, with respect to the guarantee, right, with respect to the guarantee, that actually, that was different So, in the joint venture agreement, if you looked to the joint venture agreement itself, in that joint venture agreement, it says in the background that there actually, it was not expected that the money would leave escrow because why would you, if you have a buyer and a seller, then you have the money coming in simultaneously So, the money would never need to leave escrow and the money is only being used to establish the bona fides So, all of the principle that was put into that, into the escrow account was intended to be used for trades And so, our position with respect to the guarantee is that the guarantee does not just cover principle when a trade occurs If that's what the guarantee said, that the guarantee meant, that's what the guarantee language would have said It said if the principle is used for a trade, it doesn't use the word use, it says principle for each trade And every dollar that went into the escrow account was to be used for principles for trades That's what its purpose was So, suppose, your position is if the bank failed where the escrow account was maintained and everybody lost a significant part of their principle That Mr. Chapin guaranteed that he would pay, repay Mr. Prusky for the losses Is that the point? Yes, that is the point Anything that happened, there was no risk of any kind that anyone could afford Yes, and that's confirmed by Mr. Chapin's own testimony And in emails where he says we stand behind principle and profit And he admitted on the stand that he was guaranteeing all of the principle Not just principles that are used in a trade And the second sentence of that guarantee language itself also makes clear that when, you know, that Ivanhoe and Chapin, right In the event of an adverse event, Chapin may look to errors and omissions or other policies or other participants But they still agree they're liable to PPSP for the principle, regardless of success in securing payments So, under the scenario where the bank fails and Isn't that second sentence just about something else? It says, first, there's a sentence that we're guaranteeing the principle for each trade Then the next sentence says, oh, by the way, Ivanhoe and Chapin may have sources that they can look to for reimbursement if something goes bad But you have to pay us, irrespective of that, and we don't have to wait until you get your insurance proceeds But why doesn't that just refer back to the first sentence? That doesn't add anything to the substance of the guarantee that's not in the first sentence That's not a sentence that says, we guarantee your principle for each trade And we also guarantee you against any adverse event that could possibly occur The adverse event is something going wrong with the trade That's what, because this sentence is not expanding the guarantee It's just making clear that any – that Chapin has to pay for the losses that are covered by the first sentence Immediately, regardless of whether he's trying to get funds that may have coverage from insurance and other sources to get that money back Isn't that what the second sentence is about? They're liable to PPSP for the principle, regardless of their success in securing payment from anybody else Even if they can't get anything out of insurance policies held by Century Title, et cetera, et cetera They still are liable to Pruski Yes, they're still liable to Pruski They're still liable for what is guaranteed in the first sentence The second sentence is not expanding the content of the guarantee It's just addressing this possible argument that we don't have to pay until and unless we get our money back from insurance companies and the like So my response to that is that I believe the term principle for each trade refers to all of the principles That's the principle argument that you're relying on Yeah, and that the second sentence says regardless of whether – if they're – regardless of – in any given trade Regardless of whether Ivaho and Chapin can get money from another source to get that money There's still no – They're still liable to PPSP for the principle Okay, I understand your argument Thank you very much Thank you, Your Honor We'll reserve the decision